JOHN SHERMAN v. THE STATE.

No. 4949.  Decided March 20, 1918.

**1 —Burglary—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence although conflicting was sufficient to sustain the conviction, there was no reversible error.

**2 —Same—Venue—Rule Stated—Judicial Knowledge—Presumption.**

This court judicially knows that the City of Dallas is in Dallas County by reason of the statute which fixes that place as the location of the Court of Civil Appeals; besides, the presumption is that the venue is proved, unless the matter is properly contested or shown in some way by the record that it was not in the alleged county.

**3 —Same—Evidence—Bill of Exceptions.**

Where the bill of exceptions showed that the exhibition before the jury of certain pieces of old iron were the tools and pieces of iron taken from the pocket of defendant at the time of the arrest at the house, there was no reversible error, besides, the bill of exceptions was defective.

**4.—Same—Evidence—General Demurrer—Rule Stated.**

Where evidence may be admissible for any purpose on trial, a general demurrer is not sufficient.

**5 —Same—Evidence—Exhibits to the Jury—Bill of Exceptions.**

Where the grounds of objection are too general and the facts are not sufficiently stated in the bills of exception to show why the introduction of several pieces of old iron in evidence was erroneous, there is nothing for review.

**6 —Same—Evidence—Bill of Exceptions.**

Where appellant objected to the introduction in evidence of certain parts of a water heater torn down on the inside of the burglarized house, but the bill of exceptions was too vague to be considered on appeal, there was no error; besides, there was no error in admitting the evidence.

Appeal from the Criminal District Court of Dallas.  Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Will S. Payne* and *John White,* for appellant.—On question of insuf-ficiency of the evidence: Wilson v. State, 18 Texas Crim. App., 270; Hollis v. State, 69 Texas Crim. Rep., 286, 153 S. W. Rep., 853; Polk v. State, 60 Texas Crim. Rep., 462, 132 S. W. Rep., 134.

On question of admitting evidence of water heater: Howard v. State, 35 Texas Crim. Rep., 136.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for burglary with intent to commit the crime of theft.

While from the facts the jury could have possibly reached the con-clusion that the house was not closed at the time the defendant is charged to have broken it, yet the evidence is fully sufficient to justify their finding that appellant did break the house.

It is contended that the evidence does not support the conviction in that the house is not shown to have been situate in Dallas County. We are of opinion there is no merit in this proposition. The evidence shows that the house was in the City of Dallas, and one of the witnesses shows it was in Dallas County. We judicially know that the City of Dallas is in Dallas County by reason of the statute which fixes that place as the location of the Court of Civil Appeals. But independent of such judicial knowledge, or even in the absence of testimony in the state-ment of facts that the house was in Dallas County, we would presume legally that it was as charged in the indictment in that county. The statute provides that the question of venue shall not be raised upon ap-peal unless it became an issue in the trial court properly suggested and presented in a bill of exceptions, or in some legal manner showing that it was not in Dallas County. Had the venue been a question of moment or serious import upon the trial, and that issue had been fought out on the trial of the case, suggesting that it may not have been in Dallas County but was in some other county, the statute in such instance would not apply which requires it to be contested and verified in a bill of exceptions. In other words, this court, by the statute, will presume that the venue was proved unless the matter is properly contested or shown in some way by the record that it was not in the alleged county.

There were no exceptions reserved to the charge of the court. Some bills of exception were reserved to the admission of testimony. Bill No. 1 recites that the court erred in admitting, over defendant's objection, testimony of the witness Baird, and the exhibition by him before the jury of certain pieces of old iron not alleged in the indictment to have been taken by the defendant from the house, defendant being the sole owner of said pieces of old iron. Objection was urged on the ground that this testimony was incompetent and prejudicial. These constitute but general demurrers and are not sufficient if the testimony could have been admissible on the trial for any purpose. Where evidence may be admissible for any purpose on the trial, a general demurrer is not suf-ficient. But the court explains this by stating, "These are the tools and pieces of iron taken from the pocket of the defendant by the officers

at the time of his arrest at the house." The bill, therefore, is too indefinite from any standpoint to present error of a reviewable nature.

The succeeding bill also reserved exception to the testimony of detective Baird in regard to exhibiting before the jury several pieces and parts of old iron and one rusty and worn-out buggy wrench, all of which evidence was taken from defendant's person at the time of his arrest and was not alleged to have been taken by defendant from the burglarized house. Exception was reserved to this on the ground that it was immaterial, irrelevant and incompetent. The evidence may have been admissible for several reasons. The grounds of objection are too general, and the facts are not sufficiently stated in the bill to show why the introduction of this evidence was erroneous.

There is another bill to the ruling of the court permitting police officer Platt to testify with regard to a Pittsburg water heater torn down on the inside of the house, without showing the number and size and without showing that same was the property of the owner of the burglarized house, and also a part of and attached to the premises. This bill is vague and does not fully state the connecting facts. Should we go to the statement of facts we would find that there was a Pittsburg water heater in the burglarized house which had been torn down. It was not necessary to show its number and size. It was in the house and was torn down and some parts of the heater gone. These parts seem, under the testimony, to have corresponded with some of the pieces of iron mentioned that were found in the possession of appellant. We are of opinion the case should not be reversed, and that the testimony is sufficient to show that appellant entered this house for the purpose of committing theft, and did in fact take property therefrom.

The judgment will be affirmed.

*Affirmed.*

PRENDERGAST, JUDGE, absent.

[Reached Reporter April. 1918.]